# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>EARTHLY MINERAL SOLUTIONS, INC., et al.,<br><br>  Defendants. | 2:07-CV-1057 JCM (LRL) |

### ORDER

Presently before the court is plaintiff Securities and Exchange Commission's (hereinafter "SEC") motion for partial summary judgment (doc. #78) against defendants Roy D. Higgs, Frank L. Schwartz, and Rick Lawton (hereinafter collectively "Individual Defendants"). Pro Se defendant Rick Lawton, filed an opposition on his behalf. (Doc. # 87). To date, defendants Schwartz and Higgs have failed to file an opposition. Plaintiff filed a reply to Lawton's opposition. (Doc. #92).

Plaintiff SEC's amended complaint (doc. #73) stems from an alleged "Ponzi scheme," where individual defendants, as officers of Earthly Mineral Solutions Inc. and Natural Minerals Processing Company (hereinafter "Corporate Defendants"), defrauded investors into investing approximately $20 million in the companies. The plaintiff asserts four separate causes of action against the Individual Defendants, as well as the Corporate Defendants, for: (1) unregistered offer and sale of securities in violations of section 5(a) and 5(c) of the Securities Act; (2) fraud in the offer or sale of securities in violation of section 17(a) of the Securities Act; (3) fraud in connection with the

**James C. Mahan**
**U.S. District Judge**

purchase or sale of securities in violations of section 10(b) of the Exchange Act and rule 10b-5 thereunder; and (4) violations of the broker-dealer registration provisions in violations of section 15(a) of the Exchange Act.

In the present motion for partial summary judgment (doc. #78) against the Individual Defendants, the plaintiff asserts, under the doctrine of collateral estoppel, that there are no issues of material fact left to resolve concerning the second and third claims of its amended complaint. Specifically, SEC claims that the Individual Defendants are estopped from re-litigating issues that were decided in prior civil and criminal cases against them, where they either pled guilty or had judgments entered against them.

The court notes that defendants Schwartz and Higgs failed to file an opposition to the motion, and that under Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, the court also notes that this does not provide, on its own, sufficient grounds to grant the motion for partial summary judgment, and that the plaintiff must still meet its burden.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996). The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c).

As the court in *United States v. McLaurin,* 57 F.3d 823, 826 (9th Cir. 1995) held, the doctrine of collateral estoppel prevents a party from re-litigating issues that were directly determined in prior actions. With regards to prior criminal convictions, guilty pleas have the same preclusive effect as would a judgment of conviction. *Ivers v. United States,* 581 F.2d 1362, 1366 (9th Cir. 1978).

1    Defendants Roy D. Higgs and Frank L. Schwartz, both previously pled guilty to criminal
2  charges relating to the offering and selling of the same securities that are involved in this present
3  litigation. In their separate plea agreements (docs. #79-3 and #79-5), each defendant stipulated to the
4  acts, misrepresentations, and omissions, that ultimately led investors to decide to buy the mining
5  claims. Defendant Schwartz was sentenced to three years in prison, with one year of supervised
6  release, and defendant Higgs was sentenced to five years in prison, with three years of supervised
7  release. Neither defendant was ordered to pay restitution, as the judge relied on the statement by both
8  Higgs and Schwartz, that they "anticipate resolving the civil enforcement action now pending [in this
9  court]," and that "[t]his settlement will include a comprehensive restitution order." (Docs. #79-4 and
10 #79-6).

11   When determining if a prior conviction will have a preclusive effect, the Ninth Circuit looks
12 for an identity of issues that were decided in the first case, by establishing if there is, (1) a substantial
13 overlap between the evidence or argument; (2) the same rule of law; (3) an overlap of pretrial
14 preparation and discovery; and (4) a closeness of the relationship between the claims. *Steen v. John*
15 *Hancock Mut. Life Ins. Co.,* 106 F.3d 904, 912 (9th Cir. 1997) (citing *Kamilche Co. v. United States,*
16 53 F.3d 1059, 1062 (9th Cir. 1995)).

17   The present litigation and the prior criminal convictions stem from the same set of underlying
18 facts. As plaintiff SEC asserts, both Higgins and Schwartz admitted to conduct in their plea
19 agreements that satisfy each element of the second and third causes of action in the plaintiff's
20 amended complaint. Thus, there this no need to re-litigate these issues.

21   With regards to civil matters, under the doctrine of offensive non-mutual collateral estoppel,
22 a defendant may be estopped from re-litigating issues that he lost against another plaintiff in a prior
23 civil matter. In order to assert this estoppel, it must be shown that, "(1) the issue sought to be
24 litigated is sufficiently similar to the issue presented in an earlier proceeding and sufficiently material
25 in both actions to justify invoking the doctrine, (2) the issue was actually litigated in the first case,
26 (3) the issue was decided in the first case, and (4) the party against who issue preclusion is asserted
27 was a party or in privity with a party to the prior action." *Appling v. State Farm Mutual Auto. Ins.*
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  *Co.,* 340 F.3d 769, 775 (9th Cir. 2003), citing *Parklane Hoisery v. Shore,* 439 U.S. 326 (1979). *See*

2  *Syversin v. Int'l Bus. Machs Corp.,* F.3d 1072, 1078 (9th Cir. 2007).

3  Further, issue preclusion also applies to default judgments where the defaulted party "actively
4  participated in the litigation," or had a "reasonable opportunity to defend himself on the merits," but
5  declined to do so. *In re Daily*, 47 F.3d 365, 368 (9th Cir. 1995). *See also In re Gottheiner*, 703 F.2d
6  1136, 1140 (9th Cir.1983); *In re Bush*, 62 F.3d 1319, 1325 (11th Cir. 1995); *In re Bowen*, 198 B.R.
7  551, 556 (9th Cir.1996); *In re Smith*, 362 B.R. 438, 444 (Bkrtcy. D. Ariz. 2007). Specifically, the
8  court in *Bush* held that a default judgment resulting from sanctions by the court due to the party's
9  refusal to participate or cooperate with discovery, has a preclusive effect. *Bush*, 62 F.3d at 1325. This
10 preclusive effect does not occur when a party simply decided to give up the fight early on and didn't
11 actively participate. *Gottheiner*, 703 F.2d at 1140.

12 Although defendant Lawton was not involved in any criminal cases regarding this matter,
13 SEC points out that he was a party in the civil matter relating to this case, *Luallen v. McConnell et
14 al.*, No. 4:06-cv-585 (N.D. Tex. Aug. 23, 2006). The case stemmed from the exact conduct that
15 created the "Ponzi scheme," which forms the basis for the claims in the present action. Defendant
16 Lawton, as well as other defendants, was served with a complaint alleging violations of Section
17 10(b) of the Exchange Act and Rule 10b-5 thereunder, and claims for negligent misrepresentation,
18 federal-securities fraud, and common law fraud.

19 Default judgment was entered against the defendants for failure to comply with discovery
20 requirements and orders to obtain local counsel. Defendant Lawton, in his opposition, claims that
21 due to the default judgment, the case was not "actually litigated." To the contrary, the court in
22 *Luallen* specified in its order for default judgment, that it "heard from counsel...considered all the
23 evidence... [and] concluded that the allegations of plaintiff's complaint...support an entry of default
24 judgment." SEC asserts that for this reason, defendant Lawton got his "day in court." Further, it
25 asserts that Lawton "actively participated" in the *Luallen* case for almost two years, by relying on
26 the fact that he filed "over thirty pleadings," and admitted in his opposition that he "adamantly and
27 obstinately challenged his being sued...[and] never abandoned his fight."

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    As the court finds that this default judgment, as well as the prior criminal convictions of the
2 other two defendants, preclude re-litigation of the issues, it is inclined to grant partial summary
3 judgment as to all Individual Defendants.

4    Accordingly,

5    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff Securities and
6 Exchange Commission's motion for partial summary judgment with regards to its second and third
7 claims (doc. #78) be, and the same hereby is, GRANTED as to defendants Roy D. Higgs, Frank
8 L. Schwartz, and Rick Lawton.

9    DATED September 24, 2010.

*[signature: James C. Mahan]*

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -