1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7

8

9

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

2:07-CV-1057 JCM (LRL)

10

v.

11

12

13

EARTHLY MINERAL SOLUTIONS,
INC., et al.,

            Defendants.

14

15

**ORDER**

16          Presently before the court is plaintiff Securities Exchange Commission's (hereinafter "SEC")

17    motion for default judgment against defendants Earthly Mineral Solutions, Inc (hereinafter "EMS")

18    and Natural Minerals Processing Company (hereinafter "NMPC")(hereinafter collectively

19    "Corporate Defendants"). (Doc. #94).

20          The court in *United States v. High Country Broad Co.,* F.3d 1244, 1245 (9th Cir. 1993), held

21    that the failure of a corporate defendant to appear in federal court through licensed counsel is

22    grounds for a default judgment to be entered against it. Federal Rule of Civil Procedure 55(b)(2)

23    states, that "a court may enter a default judgment after the party seeking default applies to the clerk

24    of the court as required by subsection (a) of this rule."

25          Plaintiff SEC's complaint stems from alleged violations of the Securities Act of 1933

26    (hereinafter "Securities Act") and the Securities Exchange Act of 1934 (hereinafter "Exchange Act")

27    by Corporate Defendants. On March 4, 2008, magistrate Judge Leavitt gave EMS and NMPC until

28

**James C. Mahan**
**U.S. District Judge**

1   April 18, 2008, to obtain new counsel, and until April 21, 2008, for their new counsel to file a notice

2   of appearance. (Doc. #44). As of April 30, 2008, Corporate Defendants had failed to comply with

3   the order, and SEC filed notice of non-compliance with the court (doc. #45). Under Federal Rule of

4   Civil Procedure 55(a), plaintiff applied to the clerk of the court for entry of default against Corporate

5   Defendants. (Doc. #70). On July 16, 2010, the clerk entered a default against EMS and NMPC. (Doc.

6   #77).

7        Pursuant to Federal Rule of Civil Procedure 55(b), plaintiff asks this court to enter a default

8   judgment against Corporate Defendants for the following relief: "a permanent injunction prohibiting

9   future violations by EMS and NMPC of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and

10  Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R.

11  §240.10b-5, and prohibiting future violations by EMS of Section 5(a) and 5(c) of the Securities Act,

12  §§ 77(e)(a) and 77(e)(c); disgorgement by EMS and NMPC of all ill-gotten gains, together with

13  prejudgment interest thereon; and imposition of a civil penalty."

14       According to the Ninth Circuit, in exercising its discretion to award a default judgment, a

15  district court may consider the following factors: "1) the possibility of prejudice to the plaintiff; 2)

16  the merits of the plaintiff's substantive claim; 3) the sufficiency of the complaint; 4) the sum of

17  money at stake in the action; 5) the possibility of a dispute concerning material facts; 6) whether the

18  default was due to excusable neglect; and 7) the strong policy underlying the Federal Rules of Civil

19  Procedure favoring decisions on the merits." *Eital v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

20  1986).

21       In the plaintiff's motion (doc. #94) and memorandum of points and authorities (doc. #95),

22  SEC asserts that in order to stop future violations, the court should not only grant injunctive relief,

23  but it should also grant monetary relief. It supports its prayer for disgorgement of $20 million to

24  prevent unjust enrichment, by presenting depositions of the president, secretary, and treasurer of the

25  Corporate Defendants, whom testify to the amount raised by the violations. Further, SEC justifies

26  an award of prejudgment interest to deter future conduct and to make the violations of the wrongdoer

27  unprofitable, by relying on 28 U.S.C. § 1961.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1       Lastly, based upon the fact that the violations "involved fraud, deceit, manipulation, or

2   deliberate or reckless disregard of a regulatory requirement" and such violations "directly or

3   indirectly resulted in substantial losses or created a significant risk of substantial losses to other

4   persons," the plaintiff asks this court to impose a third tier civil penalty. *See* Section 20(d)(2)(C) of

5   the Securities Act, 15 U.S.C. § 77T(D)(2)(C), and Section 21(d)(3)(B)(iii) of the Exchange Act, 15

6   U.S.C. § 78u(d)(3)(B)(iii). According to 17 C.F.R. § 201.1003 & Table III (2007), the maximum

7   third tier penalty with regards to the issue at hand is $130,000.00 per violation for a natural person.

8       The plaintiff alleges that Corporate Defendants raised the $20 million from over 100

9   investors nationwide. However, the court has only been provided with an approximate number of

10  investors who were victims of the violations. Thus, at this time, there is not an exact number of

11  violations available in order to calculate an award of civil penalties.

12      In light of the above referenced violations and the fact that Corporate Defendants have

13  neglected to respond or comply with the court's order, this court finds that an entry of default

14  judgment is appropriate against defendants Earthly Mineral Solutions Inc. and Natural Minerals

15  Processing Company.

16      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for

17  default judgment (Doc. # 94) be, and the same hereby is, GRANTED in part.

18      IT IS THEREFORE ORDERED that the plaintiff's prayer for a permanent injunction

19  prohibiting future violations of the above referenced sections be, and the same hereby is,

20  GRANTED.

21      IT IS FURTHER ORDERED that the plaintiff's prayer for disgorgement in the amount of

22  $20 million, together with prejudgment interest be, and the same hereby is, GRANTED against

23  defendants Earthly Mineral Solutions Inc. and Natural Minerals Processing Company, jointly and

24  severally.

25  . . .

26  . . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that due to the inability of the court to calculate an award of

2  civil penalties, that the plaintiff's prayer for civil penalties be, and the same hereby is DENIED

3  without prejudice.

4    DATED September 24, 2010.

5

6

7  _____
   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**