UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>EARTHLY MINERAL SOLUTIONS, INC., et al.,<br><br>        Defendants. | 2:07-CV-1057 JCM (LRL) |

**ORDER**

Presently before the court is defendant Rick Lawton's motion to reconsider the order dated September 24, 2010, granting partial summary judgment. (Doc. # 103). Plaintiff Securities and Exchange Commission (hereinafter "SEC") filed an opposition. (Doc. #104). Defendant failed to file a reply, but instead filed a suggestion of bankruptcy of Rick Lawton (doc. #105). SEC filed a response to plaintiff's suggestion of bankruptcy. (Doc. #106).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b).

On September 24, 2010, the court entered an order (doc. #97) granting plaintiff SEC's motion for partial summary judgment, holding that the default entered against defendant Lawton in the case of *Laullen v. McConnel et al.,* No. 4:06-cv-585 (N.D. Tex. Aug. 23, 2006) precluded re-litigation

**James C. Mahan**
**U.S. District Judge**

1  of the issues in the present case. The court relied on federal law in determining that Lawton "actively
2  participated" in the previous litigation. In defendant Lawton's motion to reconsider (doc. #103), he
3  asserts that "the court misapplied the legal standard when ruling on the doctrine of issue preclusion
4  and what import to give the Texas state default judgment."

5  Defendant claims that the "preclusive effect of a state court judgment in a later federal suit
6  is determined by reference ***to the law of the state where the judgment was entered."*** *Marrese v.*
7  *American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d.
8  274 (1985). (emphasis supplied). In stating this, defendant asserts that this court erred when it did
9  not apply the law of Texas when determining whether or not the Texas state default judgment against
10 him should be given issue preclusion effect. However, as plaintiff SEC states, defendant's assertion
11 is based on the misconception that the previous Texas case was a *state court* case, which would have
12 required this court to apply Texas state law. To the contrary, the Texas case was a *federal court* case,
13 based on federal-question jurisdiction.

14 "Federal law governs the collateral estoppel effect of a case decided by a federal court."
15 *Trevino v. Gates,* 99 F.3d 911, 923 (9th Cir. 1996) (*citing Fireman's Fund Ins. Co. v. Int'l Mkt.*
16 *Place,* 773 F.2d 1068, 1069 (9th Cir. 1985)). Further, the Supreme Court held that "[i]t has been held
17 in non-diversity cases since *Erie R. Co. v. Tompkins,* that federal courts will apply their own rule of
18 law of res judicata." *Blonder- Tongue Laboratories v. University of Illinois Foundation, et al.,* 402
19 U.S. 313, 324 n.12 (1971) (*quoting Heiser v. Woodruff,* 327 U.S. 726, 733 (1946)).  Therefore, as
20 the *Laullen* case was a federal case, based on federal question, this court correctly applied federal
21 law in determining the preclusive effect of that case. This court is not inclined to reconsider its
22 September 24, 2010, order (doc. #97).

23 Defendant Lawton did not reply to the plaintiff's opposition (doc. #104), but provided the
24 court with a suggestion of bankruptcy (doc. #105), asserting that under 11 U.S.C. § 362(a), the
25 "filing of [his] voluntary petition operates as a stay, applicable to all entities." However, as plaintiff
26 SEC states, the automatic stay provision does not apply to enforcement actions brought by the
27 Securities and Exchange Commission. 11 U.S.C. § 362(b)(4).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Section 362(b)(4) of the Bankruptcy Code was amended to make it clear that governmental police and regulatory actions are excepted from its stay provisions. 11 U.S.C. § 362(b)(4). Specifically, the section states that "[t]he filing of a petition...does not operate as a stay...of the commencement or continuation of an action or proceeding by a governmental unit...to enforce such governmental unit's...police and regulatory power." *Id*. Further, it is well established that the regulatory exception of Section 362(b)(4) applies to Commission enforcement actions. *See* 2 Collier on Bankruptcy §362.05[5][b][I], at 362-63 (5th ed. 2000) ("The police or regulatory exception has...been applied to enforcement actions by the Securities and Exchange Commission, including actions seeking disgorgement of illicit profits.").

Therefore, as the plaintiff in this matter is the Securities and Exchange Commission, any bankruptcy by the defendant would not operate as a stay of the proceedings. Thus, this court is not inclined to stay the present case.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Rick Lawton's motion to reconsider the order dated September 24, 2010, granting partial summary judgment (doc. # 103) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Rick Lawton's suggestion of bankruptcy (doc. #105) does not constitute a stay of the present case, and that defendant's request for stay be, and the same hereby is, DENIED.

DATED December 17, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -