MORGAN B. WARD DORAN
Email:  warddoranm@sec.gov

Attorney for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Kelly C. Bowers, Acting Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile:  (323) 965-3908

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

   vs.

EARTHLY MINERAL SOLUTIONS, INC.,
NATURAL MINERALS PROCESSING
COMPANY, ROY D. HIGGS, FRANK L.
SCHWARTZ, and RICK LAWTON,

        Defendants.

Case No. 2:07-CV-01057-JCM-(LRL)

**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF**

**AS TO DEFENDANT RICK LAWTON**

The Securities and Exchange Commission having filed a Complaint and First Amended Complaint, and Defendant Rick Lawton ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief without admitting or denying the allegations of the Complaint and First Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and

Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

3

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers acceptances, or commercial bills), without registering with the Commission as a broker or dealer.

### V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint and the First Amended Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint and the First Amended Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's

motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: March 16, 2011

_____
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On January 18, 2011, I served the document entitled

**[PROPOSED] JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT RICK LAWTON**

on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[X]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:** By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 18, 2011         /s/ Morgan B. Ward Doran
                               Morgan B. Ward Doran

1

**SEC v. Earthly Mineral Solutions**
**United States District Court – District of Nevada**
**Case No. 02:07-cv- 01057 JCM-LRL**

**MASTER SERVICE LIST**

1. Thomas C. Albus          (Served by electronic mail)
   United States Department of Justice
   111 S 10th St.
   St Louis, MO  63102

   Telephone: (314) 539-6856
   Telecopier: (314) 539-2309
   Email: Tom.albus@usdoj.gov

   *Counsel for United States in E.D. Mo. Criminal Case*

2. Rick Lawton, Esq.          (Also served by electronic mail)
   Law Offices of Rick Lawton, P.C.
   5435 Reno Highway
   Fallon, Nevada  89406

   Telephone: (775) 867-5599
   Telecopier: (775) 867-2559
   Email: lawtonrick@earthlink.net

   *Defendant In Pro Per*

3. Roy Dean Higgs
   Inmate Number 45975-008
   MCFP Springfield
   Medical Center/Federal Prisoners
   P.O. Box 4000
   Springfield, MO 65801

   *Defendant In Pro Per*

4. Frank L. Schwartz
   Inmate No. 42357-048
   CI Taft
   Correctional Institution
   P.O. Box 7001
   Taft, CA 93268

   *Defendant In Pro Per*

**SEC v. Earthly Mineral Solutions**
United States District Court – District of Nevada
Case No. 02:07-cv- 01057 JCM-LRL

**MASTER SERVICE LIST (cont.)**

5.  Earthly Mineral Solutions, Inc.
    Natural Minerals Processing Company
    c/o Frank L. Schwartz, President
    Inmate No. 42357-048
    CI Taft
    Correctional Institution
    P.O. Box 7001
    Taft, CA 93268

    *Defendant*

6.  AUSA Roger W. Wenthe            (Served by electronic mail)
    Office of the United States Attorney
    333 Las Vegas Blvd So., Suite 5000
    Las Vegas, NV  89101

    Telephone: (702) 388-6336
    Telecopier: (702) 388-6151
    Email: Roger.wenthe@usdoj.gov

    *Counsel for United States*