MORGAN B. WARD DORAN, Cal. Bar No. 246107
E-mail: warddoranm@sec.gov

Attorney for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:   (323) 965-3998
Facsimile:    (323) 965-3908

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                 Plaintiff,<br>         vs.<br><br>EARTHLY MINERAL SOLUTIONS, INC., NATURAL MINERALS PROCESSING COMPANY, ROY D. HIGGS, FRANK L. SCHWARTZ, and RICK LAWTON<br><br>                 Defendants. | **Case No. 2:07-CV-01057-JCM-(LRL)** |

**FINAL JUDGMENT AS TO ALL DEFENDANTS**

Presently before the court is plaintiff Securities and Exchange Commission's ("commission") motion for entry of a final judgment imposing disgorgement, prejudgment interest, and civil penalties ("motion"). The court, having considered the commission's motion, the documents submitted in support of the motion, and the responses filed in opposition to the motion, finds that:

**I.**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the commission's motion is granted.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Earthly Mineral Solutions, Inc., Natural Minerals Processing Company, Higgs, Lawton, and Schwartz ("defendants") and defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this final judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants and defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this final judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants Earthly Mineral Solutions, Inc., Higgs, Lawton, and Schwartz, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this final judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Higgs, Lawton, and Schwartz, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by, directly or indirectly, as a broker or dealer, effecting any transactions in, or inducing or attempting to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances or commercial bills) without complying with the broker-dealer registration provisions set forth in Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)]

**VI.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants are jointly and severally liable for disgorgement of $20 million, representing profits gained as a result of the conduct alleged in the amended complaint, together with prejudgment interest thereon in the amount of $3,837,850.56, for a total of $23,837,850.56.  Defendants shall satisfy this obligation by paying $23,837,850.56 within 14 days after entry of this final judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Earthly Mineral Solutions, Inc., Natural Minerals Processing Company, Higgs, Lawton, and Schwartz as defendants in this action; setting forth the title and civil action number of this action and the name of this court; and specifying that payment is made pursuant to this final judgment.  Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**VII.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Higgs shall pay a civil penalty in the amount of $676,000 pursuant to Section 20(d) of the Securities Act, [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act, [15 U.S.C. § 78u(d)(3)]. Defendant Higgs shall make this payment within 14 days after entry of this final judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying defendant Higgs as a defendant in this action; setting forth the title and civil action number of this action and the name of this court; and specifying that payment is made pursuant to this final judgment. Defendant Higgs shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**VIII.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Lawton shall pay a civil penalty in the amount of $676,000 pursuant to Section 20(d) of the Securities Act, [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act, [15 U.S.C. § 78u(d)(3)]. Defendants Lawton shall make this payment within 14 days after entry of this final judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying defendant Lawton as a defendant in this action; setting forth the title and civil action number of this action and the name of this court; and specifying that payment is made pursuant to this final judgment. Defendant Lawton shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**IX.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Schwartz shall pay a civil penalty in the amount of $676,000 pursuant to Section 20(d) of the Securities Act, [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act, [15 U.S.C. § 78u(d)(3)]. Defendant Schwartz shall make this payment within 14 days after entry of this final judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying defendant Schwartz as a defendant in this action; setting forth the title and civil action number of this action and the name of this court; and specifying that payment is made pursuant to this final judgment. Defendant Schwartz shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**X.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Earthly Mineral Solutions, Inc. and Natural Minerals Processing Company shall not pay civil penalties in this action.

**XI.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this final judgment.

**XII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the clerk is ordered to enter this final judgment forthwith and without further notice.

DATED: April 27, 2011

_____
HONORABLE JAMES C. MAHAN
UNITED STATES DISTRICT COURT JUDGE

6